# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1525V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| MELISSA MYERS, | \* | Chief Special Master Corcoran |
| Petitioner, | \* | Dated: July 25, 2022 |
| v. | \* | Reissued for Public Availability: August 22, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* |  |
| Respondent. | \* |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Melissa Myers*, Liberty, MO, *pro se* Petitioner.

*Heather Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On June 30, 2021, Melissa Myers filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] alleging that she suffered from a shoulder injury after receipt of a Tdap vaccine administered on September 19, 2018. Petitioner

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

Pursuant to Vaccine Rule 18(b), this Decision was initially filed on July 25, 2022, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

originally had counsel but opted to represent herself *pro se* in the wake of her attorney's withdrawal.

After a status conference held on March 10, 2022, I ordered Petitioner to indicate whether she wished to proceed with the claim or dismiss it entirely, noting that no documents in support of the claim had ever been filed. If Petitioner wished to move forward, she was ordered to file medical records to substantiate her claim by June 30, 2022.

On June 24, 2022, Petitioner informally communicated to Chambers that she wished to dismiss the claim. To that end, I directed Ms. Myers to file a notice of dismissal pursuant to Vaccine Rule 21(a). But Ms. Myers did not do so. I then issued an Order on July 11, 2022, for Petitioner to file a notice voluntarily dismissing the claim, by July 22, 2022, otherwise I would dismiss her claim *sua sponte* for failure to adhere to my orders in this case. ECF No. 27. Petitioner did not file any notice by this deadline, and still has never offered any medical records to support her claim.

Under Vaccine Rule 21(b), a special master may dismiss a petition for failure of the petitioner to prosecute or comply with any order of the special master. In this case, Petitioner did not file the necessary medical records to substantiate her claim, nor did she file a notice asking for dismissal. In fact, repeatedly failed during the pendency of this case to respond to the deadlines set by court orders. Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, and pursuant to Vaccine Rule 21(b)(2), the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.